UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA O'CONNELL,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security,<br><br>Defendant. | No. 2:19-cv-01457 CKD<br><br><br><br>ORDER |

Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302(c)(21).

Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Here, while plaintiff appears to seek a remand of her claim for Social Security disability

1

benefits, her brief and conclusory allegations do not state a federal claim against defendant. She has not alleged that she exhausted administrative remedies prior to filing a federal action, as required. See Rodriquez v. Astrue, 301 Fed. Appx. 723 (9th Cir. 2008) (affirming district court's judgment dismissing action against the Social Security Administration for lack of subject matter jurisdiction where plaintiff failed to exhaust administrative remedies prior to seeking judicial review), citing 42 U.S.C. § 405(g) (providing that an individual may seek judicial review after "any final decision of the Commissioner of Social Security"); see also Califano v. Sanders, 430 U.S. 99, 101–02 (1977) (explaining that a claimant must exhaust his administrative remedies by completing a four-step administrative review process prior to federal judicial review). The federal courts are courts of limited jurisdiction. In the absence of a basis for federal jurisdiction, plaintiff's claims cannot proceed in this venue.

Plaintiff has requested an extension of time to prepare her case, and the court will grant this request. Specifically, plaintiff will be granted an opportunity to file an amended complaint that shows federal subject matter jurisdiction. Along with her amended complaint, plaintiff is encouraged to submit a copy of the post-hearing agency decision on her disability claim and any documents concerning an administrative appeal of that decision, as these will help the court determine whether subject matter jurisdiction exists.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

////

////

////

////

////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted;

2. Plaintiff's motion for extension of time (ECF No. 3) is granted;

3. No later than thirty (30) days from the date of this order, plaintiff shall file an Amended Complaint explaining her federal claim, attaching any related documents, and showing why this action should not be dismissed for lack of subject matter jurisdiction. Failure to do so will result in a recommendation that this action be dismissed.

Dated: August 5, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/oconnell1457.ss.ifp-nojuris