UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA O'CONNELL,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW SAUL, COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No.  2:19-cv-01457 CKD<br><br><br>ORDER &<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, proceeding pro se and in forma pauperis, filed the complaint in this Social Security action on July 30, 2019 and a First Amended Complaint (FAC) on September 6, 2019. Defendant filed an answer to the FAC and lodged the administrative transcript on March 2, 2020.

On June 9, 2020, the court issued an order to show cause why this case should not be dismissed for lack of prosecution.  The court advised plaintiff that failure to timely file the required writing would result in dismissal of the action.  On June 25, 2020, the court granted plaintiff a 30-day extension of time to show cause.  The period to respond to the order has passed, and plaintiff has not filed a response.

The Federal Rules of Civil Procedure provide for dismissal of actions based on lack of prosecution.  Fed. R. Civ. P. 41(b).  In determining whether to dismiss for lack of prosecution, generally the court considers (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy

1

1  favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions.  See,
2  e.g., Al-Torki v. Kaempen, 78 F.3d 1381, 1384 (9th Cir. 1996).  The court may dismiss a case sua
3  sponte for lack of prosecution by the plaintiff.  Hamilton Copper & Steel Corp. v. Primary Steel,
4  Inc., 898 F.2d 1428 (9th Cir. 1990).  Sua sponte dismissal requires a "close focus" on
5  consideration of "less drastic alternatives" and whether or not there has been a "warning of
6  imminent dismissal of the case."  Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992).

7      In determining that this action will be dismissed, the court has considered all the factors
8  set forth in Al-Torki.  The first two factors on their face favor the imposition of sanctions in this
9  case brought by plaintiff and which has been proceeding forward since plaintiff initiated this
10 action one year ago on July 30, 2019.  See Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir.
11 1990).  Regarding the third factor, defendant has filed an answer and lodged the administrative
12 record, and would be prejudiced by the need for further litigation of this matter despite plaintiff's
13 non-responsiveness.  Moreover, delay itself generally is prejudicial.  While the fourth factor
14 favors resolution on the merits, in this case plaintiff has declined to file a motion for summary
15 judgment and/or remand within 45 days of being served with a copy of the administrative record,
16 as required by the scheduling order.

17     Focusing on the fifth Al-Torki factor and warning regarding imminent dismissal, as
18 required by Oliva, the court in its order of June 9, 2020 advised plaintiff that this action was
19 subject to dismissal if plaintiff failed to respond to the order to show cause.  In light of plaintiff's
20 failures, the court concludes there is no suitable alternative less drastic sanction to dismissal.  The
21 undersigned will therefore recommend this action be dismissed for failure to prosecute the action
22 and for failure to comply with court orders and Local Rules.  See Fed. R. Civ. P. 41(b); L.R. 110.

23     Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall assign a district
24 judge to this action.

25     IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice and this
26 case closed.

27     These findings and recommendations are submitted to the United States District Judge
28 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 29, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / oconnell1457.failtopros